IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LESLIE SILVA,

    Petitioner,           No. CIV-S-05-0403 RRB KJM P

    vs.

STATE OF CALIFORNIA, et al.,[1]

    Respondents.          FINDINGS AND RECOMMENDATIONS

                          /

         Petitioner is a California prisoner proceeding with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is currently serving a term of seventeen-years-to-life imprisonment following his 1989 San Joaquin County conviction for second degree murder. Answer, Ex. 1 at 4, 14:20-24. Petitioner challenges the fact that he was denied parole on May 14, 2004 at his second parole hearing. Answer, Ex. 1 at 20 & Ex. 3 at 84-92.[2] The only cognizable and colorable claims petitioner presents here are: 1) that denying petitioner parole violated the terms of his plea agreement; and 2) that the decision to deny him parole was not

---

[1] Respondent asks that Anthony Malfi be substituted as respondent in this action by virtue of the fact that he was the warden at petitioner's place of incarceration at the time respondents filed their answer. Mr. Malfi will not be substituted in, however, because petitioner changed prisons approximately one and a half years after the answer was filed.

[2] Page cites are to the pages assigned by CM/ECF.

1

supported by "some evidence" that releasing petitioner unreasonably endangers public safety and therefore was not in compliance with the Due Process Clause of the Fourteenth Amendment. Pet. at 5-6b. See Irons v. Carey, 505 F.3d 846, 851 (9th Cir. 2007).[3] See also 28 U.S.C. § 2254(a) (claims arising under state law are not cognizable in a § 2254 action).

First, petitioner argues it was part of his plea agreement that he would be released on parole as soon as he was eligible. See Pet., Ground Two. From the record, it appears petitioner's minimum eligible parole date was October 3, 2000. Answer, Ex. 1 at 20:18.

Title 28 U.S.C. § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

With respect to petitioner's claim that failure to release him on parole as soon as

---

[3] In ground 5 of his petition, petitioner asserts his plea agreement was breached in 2000 by the prosecution when the prosecution recommended that petitioner be denied parole. In his traverse, petitioner indicates this is not an actual claim, but something he mentioned as alleged facts for background. Traverse at 14:21-15:4.

1   he was eligible violated the terms of his plea agreement, the limitations period identified above

2   began to run under § 2244(d)(1)(D) on October 3, 2000 when petitioner became eligible for

3   parole, and expired on October 3, 2001, if no tolling applies.  Petitioner fails to point to anything

4   that might toll the limitations period to the extent necessary to make petitioner's breach of plea

5   agreement claim, submitted to the court on March 1, 2005, timely.  Therefore, this claim should

6   be rejected.

7   　　　　　In support of his other cognizable claim, petitioner argues that the evidence

8   presented at his parole hearing was not constitutionally sufficient to support a denial of parole.

9   The court disagrees.

10   　　　　　As noted above, in order for this court to sustain a denial of parole there must be

11   "some evidence" in the record indicating that at the time of his parole hearing releasing petitioner

12   would have unreasonably endangered public safety.  Irons, 505 F.3d at 851.  The record before

13   the parole board indicates petitioner was arrested for fighting in 1982, battery in 1983 and battery

14   again in 1984. Answer, Ex. 1 at 36:16-23.  With respect to his conviction for second degree

15   murder, the factual basis submitted by the prosecution in support of the plea was as follows:

> [O]n August 22nd, or in the early morning hours of August 23rd, this defendant and Jeffrey Watson put Phillip Collett into this defendant's van against his will while he was protesting and saying he was sorry.  The co-defendant struck the victim Phillip Collett at least two, perhaps three times after the defendant had sort of thrown him into the van.  Then the defendant got in the car and was driving away when he took a handgun, apparently from his pocket . . . [t]ook the handgun, fired at the victim in the back of the van, struck him in the neck severing a carotid artery.  For the next ten minutes, when he is going down a variety of roads looking for a place to dispose of the body and his co-defendant is back trying to assist or control in some way the victim, they then reached a place at the end of the road in a very remote area of the county, and this defendant then fired one more shot into the right temple of the victim who was almost dead at the time, but not quite, in sort of *coup de grace*, and then they threw him out in the ditch.  And the evidence from the pathologist that was presented at the preliminary hearing was that the victim Phillip Collett died of those two gunshot wounds.

26   Id. at 13:21-14:15.  While in prison, petitioner was disciplined for battery in 1996, was caught

3

1  with heroin in 2002, participated in a riot in 2002 and was disciplined for fighting in 2003.
2  Answer, Ex. 1 at 48-50, 54.  In a psychiatric report prepared in 2004, and presented at
3  petitioner's parole hearing, petitioner was described as among other things, a "loose cannon and
4  unable to fully integrate a lifestyle free of disciplinary problems." Id. at 58:21-24.

5       In light of this record, it cannot be questioned that there is at least some evidence
6  that releasing petitioner in 2004 would have posed an unreasonable risk to public safety.  During
7  his time in prison prior to 2004, petitioner had demonstrated a consistent proclivity for
8  unnecessary violence.  It is this proclivity, unchecked, which ended in the loss of life that led to
9  petitioner's current conviction.  Accordingly, petitioner's right to due process under the
10 Fourteenth Amendment was not violated by the parole board that considered petitioner for parole
11 in 2004.  Cf. Irons, 505 F.3d at 851; Sass v. Board of Prison Terms, 461 F.3d 1123 (9th Cir.
12 2006).  Moreover, petitioner is precluded from obtaining relief on this claim under 28 U.S.C.
13 § 2254(d), as he presented his "some evidence" Fourteenth Amendment claim at all three levels
14 of California's court and all three courts issued denials that are not contrary to federal law or
15 reflective of an unreasonable determination of the facts.  Answer, Exs. 2-4.  For these reasons,
16 this claim should be denied.

17      In accordance with the above, IT IS HEREBY RECOMMENDED that petitioner's
18 application for a writ of habeas corpus (docket no. 2) be denied.

19      These findings and recommendations are submitted to the United States District
20 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
21 days after being served with these findings and recommendations, any party may file written
22 objections with the court and serve a copy on all parties.  Such a document should be captioned
23 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
24 shall be served and filed within ten days after service of the objections.  The parties are advised
25 /////
26 /////

1  that failure to file objections within the specified time may waive the right to appeal the District
2  Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: March 8, 2008.

_____
U.S. MAGISTRATE JUDGE

1
silv0403.157